NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DALE ALLEN ZINGER, *Appellant.*

No. 1 CA-CR 20-0166
FILED 3-9-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201900480
The Honorable Rick Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

---

**M c M U R D I E**, Judge:

**¶1**          Dale Allen Zinger appeals his conviction of theft of a means
of transportation and the resulting sentence. Zinger's counsel filed a brief
per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297
(1969), certifying that she found no arguable question of law that was not
frivolous after a diligent search of the record. We allowed Zinger to file a
supplemental brief, but he did not do so. Counsel asks this court to search
the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v.
Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we
affirm Zinger's conviction and sentence.

### FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**          On February 2, 2017, a truck was reported stolen from B.R.'s
property in Golden Valley by her caretaker. On April 19, 2017, police
received a tip from an informant that a stolen vehicle was on Zinger's
property in Bullhead City. When a Bullhead City police officer arrived at
the property, he saw a vehicle under a tarp, which he asked Zinger to
uncover. When Zinger did so, the officer determined the vehicle was B.R.'s
stolen truck.

**¶3**          Zinger told the officer that he purchased the vehicle from a
man named Anthony for around $4500 to use parts to repair his truck of the
same model. Zinger claimed he towed it to a friend's house for storage and
then to his house. Upon hearing how much Zinger paid for the truck,
Zinger's wife was immediately upset and exclaimed that they did not have
that amount of money.

**¶4**          When the officer discovered the truck on Zinger's property, it
had a "punched ignition," meaning the plastic around the ignition and

---

[1]          We view the facts in the light most favorable to upholding the
verdicts. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

parts of the ignition were removed to give access to the steering column, which allowed the truck to be started with a screwdriver. B.R. had stored the vehicle without a battery, so Zinger had a battery to power the lights on the passenger's seat. Zinger did not have a title for the vehicle or a bill of sale. Zinger told the officer that the man he purchased the vehicle from told him he could file for a replacement title since the truck was abandoned, and he would return with a bill of sale.

¶5        On March 3, 2017, a detective went to Zinger's home to speak to him about the stolen vehicle. Zinger told the detective that he still did not know from whom he got the vehicle and could not give him a name, contact information, or a check because he paid with cash. The detective determined that Zinger claimed to have paid about $3000 more than the vehicle was worth, based on Kelley Blue Book's value.

¶6        The State charged Zinger with one count of theft of a means of transportation, a class 3 felony. The record indicates that the State previously dismissed the charges against Zinger without prejudice, then refiled later. Zinger waived time to accommodate the judge and defense attorney's calendars. The trial was moved later to accommodate the court's calendar, and Zinger did not invoke Rule 8.

¶7        The trial began on January 28, 2020. During the State's case, the State presented the testimony from the law enforcement officers involved in the investigation. The officer who determined that the vehicle was B.R.'s stolen truck testified that a punched ignition is a sign of a stolen vehicle. B.R. also testified that she did not give Zinger her vehicle or know how it came to be in his control. After the State's case, Zinger moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20, which the court denied. The jurors found Zinger guilty.

¶8        At sentencing, the court suspended the imposition of a sentence and placed Zinger on supervised probation for three years. As a condition of his probation, the court ordered Zinger to serve 25 days in the Mohave County Jail. The court ordered Zinger to pay a fine of $500, reimburse attorney's fees of $400, and financial assessments in the amount of $78. Zinger appealed, and we have jurisdiction under A.R.S. § 12-120.21(A)(1), 13-4031, -4033(A)(1).

## DISCUSSION

**¶9**        We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶10**        Zinger was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Zinger all his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. No pretrial hearings were required, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Zinger's sentence falls within the range prescribed by law.

## CONCLUSION

**¶11**        Zinger's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Zinger's representation in this appeal will end after informing Zinger of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:    AA